IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| FRANKLIN MAKELL, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| STAFFING CONNECTIONS, LLC and PATH-TEC, LLC, | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Franklin Makell ("Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants Staffing Connections, LLC ("Defendant Staffing Connections" or "Staffing Connections") and Path-Tec, LLC. ("Defendant Path-Tec" or "Path-Tec") (collectively "Defendants") and shows the Court as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

At all times relevant, Defendants have been engaged in business in the state of Georgia and this district. Defendants are subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant Staffing Connections may be served with process by delivering a copy of the summons and complaint to its registered agent, Kimberly Taccati, 5629 Princeton Avenue, Suite 1, Columbus, Georgia 31904. Defendant Path-Tec may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed charges of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC).

7.

Plaintiff requested the right to sue on his charges from the EEOC, which the EEOC subsequently issued on November 12, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notices of Right to Sue".

## FACTUAL ALLEGATIONS

9.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Americans with Disabilities Act ("ADA").

10.

Defendant Staffing Connections is a staffing company. Defendant Staffing Connections placed Plaintiff with Defendant Path-Tec on or about August 5, 2021.

11.

Plaintiff suffers from disabilities, within the meaning of the ADA, of which Defendants had actual knowledge. In particular, Plaintiff suffers from an inability to use his legs, such that he requires a wheelchair at all times.

12.

When Plaintiff went into Staffing Connections to discuss the job, he was told that the job consisted of assembling kits at a table and placing items in a bag. The recruiter who spoke with Plaintiff saw that he was in a wheelchair.

13.

The recruiter at Staffing Connection told Plaintiff that his disability would be accommodated.

14.

When Plaintiff arrived to work at Path-Tec on or around August 5, 2021, he spoke with Steve in Human Resources over the phone who told Plaintiff that Path-Tec could not accommodate Plaintiff disability because the tables were too high for Plaintiff to access.

15.

Path-Tec then told Staffing Connections that it could not accommodate Plaintiff's disability because the tables were too high for Plaintiff to access.

16.

Heather Clark from Staffing Connections then called Plaintiff to inform him that Path-Tec could not accommodate Plaintiff's disability because the tables were too high for Plaintiff to access, and she terminated Plaintiff's employment.

17.

Plaintiff was and remains able to perform the essential job functions of the job for which he was hired, with or without a reasonable accommodation.

18.

Defendant terminated Plaintiff because of his disabilities or perceived disabilities and/or need for an accommodation.

19.

In terminating Plaintiff's employment and failing to provide him with a reasonable accommodation under the ADA, Defendant discriminated against Plaintiff because of his disabilities. To the extent Defendants claim that Plaintiff had not yet been hired, Defendant failed to hire Plaintiff due to his disabilities and/or need for a reasonable accommodation.

20.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

21.

Defendant Staffing Connections had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including his rate of compensation, failure to hire/termination.

22.

Defendant Path-Tec had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including supervision and the decision not to accommodate or employ Plaintiff and/or the decision to terminate Plaintiff's employment.

23.

Defendants jointly employed Plaintiff and are therefore jointly liable for violating the ADA by the conduct described herein.

## CLAIM FOR RELIEF

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA DISCRIMINATION)

24.

Plaintiff repeats and re-alleges paragraphs 7-23 as if set forth fully herein.

25.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

26.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

27.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

28.

At times relevant to this action, Defendants and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Plaintiff's termination.

29.

Plaintiff's disabilities were a determinative factor in Defendant Path-Tec's decision to terminate Plaintiff.

30.

At all times relevant, Plaintiff could perform the essential functions of his position, with or without a reasonable accommodation.

31.

Defendants "regarded" Plaintiff as having "disabilities" under the ADA.

32.

In failing to hire/terminating Plaintiff, Defendants discriminated against Plaintiff because of his disabilities, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

33.

As a result of Defendants; unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendants.

34.

Defendants discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

35.

Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendants' misconduct;

(b)  Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)  Special damages for lost wages and benefits and prejudgment interest thereon;

(d)  Reasonable attorney's fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f)  Prejudgment interest at the rate allowed by law;

(g)  Declaratory relief to the effect that Defendant' have violated Plaintiff's statutory rights;

(h)  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i)  All other relief to which he may be entitled.

Respectfully submitted, this 10th day of January, 2022.

**BARRETT & FARAHANY**

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

9

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
Severin@justiceatwork.com